The decree is affirmed and the appeal dismissed at the costs of the appellant.

---

## APPEAL OF GEORGE B. MAJOR.

[ESTATE OF JOHN MAJOR, DECEASED.]

FROM THE DECREE OF THE ORPHANS' COURT OF LUZERNE COUNTY.

Argued April 17, 1889—Decided April 29, 1889.

(a) J. M. executed a bond to his son G. B. M., in the sum of $3,000, conditioned that if he, the said J. M. "shall well and truly leave by bequest of will unto the said G. B. M., the farm on which he dwells and owns, with certain stipulations to be put therein, so that the said G. B. M.'s interest therein shall exceed the amount of his heirship to the amount of $3,000, then this obligation to be null and void."

1. The proper construction of the bond was, that J. M. should devise his farm to G. B. M., subject to certain stipulations not specified, yet in such a way that G. B. M. should realize his full share as heir, and the sum of $3,000 besides.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 143 January Term 1889, Sup. Ct.

At the audit of the account of Crandall Major, executor of John Major, deceased, the auditing judge, RHONE, P. J., found the facts (so far as material to this proceeding), as follows:

1. The decedent, John Major, died on September 26, 1885, testate, leaving to survive him no widow, but six children, viz.: George B. Major, Crandall Major, J. Wesley Major, Roswell D. Major, William F. Major, and Clorinda, intermarried with Robert Milligan, all of age.

2. The fund for distribution arose from the sale of decedent's real estate, and as per first and final account of Crandall Major, executor, confirmed December 3, 1887, amounts to $5,400. This fund, however, is not in the hands of the executor, the real estate in question having been purchased by George B. Major, one of the sons of the testator, who has a claim against the estate by reason of a certain bond, executed by the decedent, upon which judgment was entered in the Common Pleas; and hence the said purchaser and creditor paid to the executor of his bid of $5,550 only the sum of $150, to pay costs, etc., which, by reference to the account, we find was inadequate by $102.75, the amount of such costs, in excess of the $150 paid in.

3. The last will and testament of decedent, dated March 19, 1872, and codicil thereto, was admitted to probate on January 13, A. D. 1886, of which the portion relating to the disposition of his property, reads as follows:

[By the will here quoted, the testator devised and bequeathed all his estate, real and personal, to his son George B. Major, excepting his household goods, which were to be the property of his wife Ann Major during her life, and after her decease, what should remain was to pass to the testator's daughter Clorinda. In consideration of the bequest and devise to George B. Major, he was to provide for the testator's wife a comfortable home, support, and medical attendance during her life, and he was to pay in addition to each of his brothers and his sister, a certain sum less advancements made to them.]

4. George B. Major, having declined to accept the farm subject to the provisions of the will, the same was therefore sold by the executor at Orphans' Court sale for the payment of debts, and was the source from which the fund for distribution arose.

Among the claims presented was a claim by George B. Major, based upon the following bond and judgment obtained in pursuance of it, to wit:

"Know all men by these presents, that I, John Major, of the

township of Lehman, county of Luzerne, and state of Pennsylvania, am held and firmly bound unto George B. Major, of the same place, in the sum of three thousand dollars, lawful money of the United States, to be paid unto the said George B. Major, or to his certain attorney, executors, administrators or assigns, to which payment well and truly to be made and done, I do bind myself, my heirs, executors and administrators, firmly by these presents; sealed with my seal, and dated the thirty-first day of October, 1871.

"The condition of this obligation is such that if the above bounden, John Major, do and shall well and truly leave by bequest of will unto the said George B. Major, the farm on which he dwells and owns, with certain stipulations to be put therein, so that the said George B. Major's interest therein shall exceed the amount of his heirship to the amount of said three thousand dollars, then this obligation to be null and void, otherwise to be and remain in full force and virtue.

"And further, I, John Major, do confess judgment for the aforesaid sum of three thousand dollars with interest from the date hereof, to be paid in full in one year after my decease, if said conditions are not complied with."

Judgment was entered upon the foregoing bond in the Common Pleas of Luzerne County, in 1874, for $3,000. This was revived by amicable action, in 1879, for $4,426.50, and again revived by amicable action in 1884, for $5,746.93; the revivals including interest.

On the claim of George B. Major last above stated, we allow the amount specified in the bond, to wit: The sum of $3,000, together with his full heirship, in accordance with the provisions of said bond, deducting, however, from his heirship any advancements that may have been made in that behalf by the testator in his lifetime.

5. The testator made advancements to the various distributees during his lifetime as follows:

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

The last item of advancement, to wit: Three thousand dollars to Roswell D. Major, was not in cash. For some time prior to or about the date of that advancement, Roswell D. resided on the farm with his father, while George B. Major, another son, lived in and owned a property at Plymouth, this

county, valued at $3,000. It became desirable that George B., instead of Roswell D. Major, reside with his father, and an arrangement was entered into by the parties by which George B. Major transferred his property in Plymouth to Roswell D., his brother, in consideration of which Roswell D. acknowledged an advancement to him from his father, on his heirship, of $3,000, and gave his father a receipt for that amount, to be applied in that particular way, which is the $3,000 item mentioned above. To reimburse George B. Major for his property at Plymouth, his father executed the bond recited under finding of fact No. 4, the two brothers changing their residences accordingly.

On the advancements above noted we charge interest from date of testator's death to this date, May 14, 1888.

\*       \*       \*       \*       \*       \*       \*

6. It appearing that the fund was retained by the purchaser, George B. Major, and that he has also had the use of the farm from which the fund arose, since the sale was made, we therefore charge him interest on so much of the cash fund, as in our distribution schedule may be found payable to the other heirs; such interest to date from the return day of said sale, to wit: June 14, 1887.

We find as a matter of law: that after deducting the costs of the clerk of the Orphans' Court on this proceeding, and the various debts presented for allowance, including $3,000 to George B. Major, provided for by bond recited under finding of fact No. 4, there is allowed George B. Major from the balance on account of said bond, what would be his full heirship under the intestate laws of this commonwealth, first deducting therefrom the full amount of advancements heretofore made by the testator, with interest from the testator's death to this date. On the balance, after such deductions are made, interest is charged against George B. Major from June 14, 1887, to this date, and the whole thereof distributed in pro rata shares on the legacies of such of the other distributees whose respective shares, under the provisions of the will, have not heretofore been paid in full by advancements made by the testator, with interest on such advancements added.

To ascertain the heirship of George B. Major, after deducting the costs and all debts, of which the $3,000 to George B.

Major is one, we add to the balance all advancements made by the testator in his lifetime, with interest, thus creating a fund, of which the one sixth part is the distributive share of said George B. Major under the intestate laws. Distribution is made accordingly.

We have considered the judgment of Geo. B. Major against his father as collateral security only for the performance of the condition set forth in the bond, which is the basis of the original judgment, and all the revivals thereof. The condition of the bond is, that the said " John Major do and shall well and truly leave by bequest of will unto the said George B. Major the farm on which he dwells and owns, with certain stipulations to be put therein, so that the said George B. Major's interest therein shall exceed the amount of his heirship to the amount of said three thousand dollars." The testator, in using the term " heirship," seems to have had in his mind that his six children each were entitled to one sixth of his estate, and that the bond to George B. was to be treated as a debt due to him.

We have thus given George B: such share of the estate as he would have been entitled to if his father had died intestate, and we have divided the balance pro rata.

To the foregoing adjudication, George B. Major filed exceptions alleging that the court erred:

1. In distributing to the exceptant only the sum of $3,000 upon the bond given the exceptant by the decedent, and on which judgment was entered by revival in the Court of Common Pleas.

2. The learned court should have distributed to said judgment, under the law arising from the facts found by him, all the moneys for distribution, after deducting therefrom the costs of the administration ; because, as matter of fact, under the terms of decedent's will, said George B. Major's interest in the farm devised to him, in case he accepted the same, did not, and could not, exceed his heirship to the amount of three thousand dollars, thus not fulfilling the conditions of said bond, but leaving it in full force and virtue.

On November 24, 1888, the said exceptions were overruled, and a final decree entered that the accountant pay over the fund in his hands to the parties entitled thereto, according to

the adjudication.  Thereupon, the exceptant took this appeal assigning for error the dismissal of his exceptions, and the refusal of the court to decree that he was a lien creditor of the decedent, and as such and as a purchaser of the decedent's real estate at Orphans' Court sale, entitled to all the proceeds of sale, less costs of administration, and to have his receipt ac-cepted in lieu of cash, in payment of the purchase money.

*Mr. George W. Shonk* (with him *Mr. William S. McLean*), for the appellant.

*Mr. Hubbard B. Payne* for the appellees.

PER CURIAM :

The bond given by John Major to the appellant was not an absolute bond for the payment of three thousand dollars with interest.  On the contrary, the three thousand dollars was a penalty, with the condition that if he, the said John Major, "shall well and truly leave by bequest of will unto the said George B. Major, the farm on which he dwells and owns, with certain stipulations to be put therein, so that the said George B. Major's interest therein shall exceed the amount of his heir-ship to the amount of said three thousand dollars, then this obligation to be null and void, otherwise to be and remain in full force and virtue."  Then followed a confession of judg-ment for the sum of $3,000 with interest; to be paid in full in one year after the death of the obligor, if said conditions are not complied with.

While there is some obscurity in the above condition, we think its meaning may be gathered without difficulty.  The obligor was to devise his farm to the appellant, subject to cer-tain stipulations not specified, yet in such way that the appel-lant should realize his full share thereof as heir, and the aforesaid sum of $3,000.  An examination of the case satisfies us that this has been done; and that the condition of the bond has been fulfilled.  The appellant gets his $3,000 and his share of his father's estate.  It is true he refused to accept the devise and al-lowed the farm to be sold.  It also appears there were some "stip-ulations " in the will which reduced his share, or his " heirship " to less than he may have anticipated.  This was a risk, how-

ever, which he ran when he accepted the bond, with its provision for taking the farm subject to certain " stipulations " in his father's will.

> The decree is affirmed and the appeal dismissed at the costs of the appellant.